**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| PAXFIRE, INC., | : | Case No. 12-17341-RGM |
| | : | Chapter 11 |
| Debtor. | : | |
| | : | |

## OBJECTION TO CLAIM OF ELECTRONIC FRONTIER FOUNDATION

COMES NOW, Paxfire, Inc. ("Debtor" or "Paxfire"), by counsel, and files this objection to the proof of claim filed herein by Electronic Frontier Foundation ("EFF"), and for cause, does state as follows:

1.  The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 14, 2012 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

2.  On October 24, 2013, this Court entered an order confirming Paxfire's 1st Amended Plan of Reorganization (the "Plan"). In connection therewith, Paxfire is in possession of funds that are required to be distributed for initial payments to creditors under the confirmed Plan. In connection therewith, Paxfire wishes to determine the allowance and disallowance of all claims so that the Debtor may make distribution to creditors in compliance with the provisions of its confirmed Plan.

3.  EFF has filed a proof of claim which has been docketed on the claims register of this proceeding as Claim #11-1. The EFF claim is a claim for alleged discovery sanctions pursuant to Rule 45(c)(1) of the Fed. Rules of Civ. Procedure and is disputed by Paxfire. EFF asserts and seeks allowance of a claim in the amount of $233,468.44 for attorneys fees EFF

claims were incurred in prosecuting four consolidated motions to quash subpoenas in the U.S. District Court for the Northern District of California.

4. EFF's proof of claim was filed herein on September 16, 2013. The bar date for filing proofs of claims for general creditors in this case was established as April 13, 2013. Upon information and belief, EFF received actual notice of the Notice of commencement of Paxfire's Chapter 11 case and of the deadline for filing proofs of claims in this proceeding. Notwithstanding such actual notice, EFF's claim was filed after the bar date.

5. 11 U.S.C. 502 provides that, upon objection made to a proof of claim, the court shall disallow such claim to the extent that "such proof of claim is not timely filed …" 11 U.S.C. 502(b)(9). Accordingly, EFF's claim should be disallowed herein.

6. Alternatively, Paxfire states that Rule 45 of the Fed. Rules of Civ. Procedure permits a federal court to impose sanctions where a party fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(c)(1). Paxfire objects to the substance and amount of EFF's asserted claim for the following reason:

   a. Paxfire took reasonable steps to avoid undue burden and expense to EFF;

   b. Paxfire sought discovery of documents that were calculated to elicit relevant information and conferred with EFF's counsel several times in unsuccessful efforts to narrow the issues;

   c. Paxfire first sought discovery of materials requested of EFF from other parties to the pending litigation, but was rebuffed in such efforts, and in fact, directed to EFF by such other parties;

   d. Paxfire had an objective reason for each subpoena issued to EFF, and otherwise acted in good faith and with reasonable care; and

    e. EFF's claim of $233,468.44 in attorneys' fees for the prosecution of four motions to quash subpoenas, all of which were related and were consolidated for briefing and hearing, is patently unreasonable.

WHEREFORE, Paxfire does pray that this Honorable Court enter an order disallowing the claim #11-1of EFF as filed herein, in its entirety, and that Paxfire have such other and further relief as this Court may deem just.

/s/ Kevin M. O'Donnell
**Kevin M. O'Donnell, VSB #30086**
**Jeffery T. Martin, Jr., VSB #71860**
**HENRY & O'DONNELL, P.C.**
300 N. Washington Street
Suite 204
Alexandria, Virginia 22314
(703) 548-2100
Counsel for Continental Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2013, a true copy of the foregoing Objection to Claim was sent by first class mail, postage prepaid, to the U.S. Trustee, and to EFF by and through its counsel as noted below.

>Reid Whitten
>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
>Counsel to EFF
>1300 I Street, NW
>11th Floor
>Washington, DC 20005
>
>U.S. Trustee
>115 S. Union Street
>Suite 210
>Alexandria, VA 22314

>/s/ Kevin M. O'Donnell
>Kevin M. O'Donnell